## Gehman's Estate

*George K. Brecht* and *Roland Fleer*, for petitioners.

HOLLAND, P. J., February 16, 1944. — The facts relevant to the relief prayed for are fully set out in the petition, the all-important fact, however, being that Alice Gehman, since deceased, refused to accept the distribution awarded to her by the adjudication of this court on the account of the executors of David S. Gehman, deceased, and that Annie Gehman, still living, refused in like manner her distribution from the same source. This refusal was persisted in by Alice up until the time of her death and continues to be persisted in by Annie up to the filing of this petition. The effect of their conduct is the absolute disclaimer of this fund, but, unfortunately for the accountants, it would seem that if they changed their minds in their lifetimes and decided to accept the money it could be demanded from the accountants as long as it is in their possession. The corollary to this last proposition, however, is that, so long as it remains in the possession of the accountants on account of the refusal of these two persons to whom it belongs, these distributees assume all hazards and risks to which the property may be subjected in the possession of the accountants. Furthermore, the ac-

countants are entitled to be reimbursed from the property for all expenses incident to the difficulty of retaining and managing it until it is disposed of according to law. Still further, any mistakes that the accountants might make in the management of the property, which is in their possession only on account of the refusal of the distributees to accept it, is one of the hazards or risks to which the said distributees subjected the property in their refusal to accept it.

One of the errors that the accountants innocently made in their attempt to divest themselves of the money was to attempt to erect the trust referred to in the petition. The Union National Bank & Trust Company had the possession of the property for some time and the accounting of its de facto administration of the property is attached to the petition. The expenses of the bank's administration are set out in the credit side of the account, and we approve of said expenditures as an incident of the expenses caused by the distributees themselves, and direct them to be paid. In addition the cost of this petition must be paid out of the fund, and a reasonable attorney's fee for the preparation and presentation of the petition and all matters connected therewith, which we deem to be reasonable at $25, and which is directed to be paid to George K. Brecht, attorney for petitioners.

As might be supposed, the expression of the law applicable to cases where a distributee refuses money due him is extremely meagre for the obvious reason that persons refusing money to which they are entitled is a rare, if not almost unheard-of, situation. The natural avarice and cupidity which is an incident to humanity is the rule rather than the exception. Gready's Estate, 14 Phila. 259 (1881), is the only reported case we can find dealing with this situation except our own case of Estate of Emma Beebee Caldwell, no. 46,067, in which there is no reported opinion, but in which we directed

the accountant to send the property to the refusing distributee by registered mail, all at the distributee's absolute risk. In Gready's Estate, supra, we regard as eminently reasonable the procedure that was adopted by the court. The court directed the property to be paid into the depository of the court and directed all expenses and costs to which the accountants were subjected by reason of the refusal of the distributee to be paid out of the fund. That is what we are directing to be done in this case.

The administrator of the estate of Alice Gehman has expressed his willingness, in the petition, to accept the amount due Alice Gehman, now deceased. The balance, less the costs, will be directed to be paid to the administrator. As to the amount due Annie Gehman, the same will be directed to be paid into court, less the expenses above indicated.

We see no reason whatever why any notice of this petition should be given to Annie Gehman. The court is personally familiar with the behavior of this distributee throughout the settlement of the personal account and throughout the proceeding in the partition of the real estate. Her attitude was absolutely to ignore all process and all notice connected with her interest in the property. From past experience we are quite sure that a citation to her would be equally futile in regard to this proceeding. She would do in regard to it as she has done in the past, and that is simply ignore it, which would be only adding expense to be deducted from the funds to no purpose.

In our refusal to adjudicate the account of Union National Bank & Trust Company referred to in the petition, we held that the possession of the bank was the possession of petitioners. Therefore, in the order that we are about to make, when it is carried out, petitioners will be discharged in their capacities as executors, and the bank will be relieved of all responsibility.

*Order*

And now, February 16, 1944, upon consideration of the within petition and of a similar petition for the discharge of administrators in the estate of Jonas G. Gehman, deceased, both petitions being considered together, it is:

Ordered and decreed that the disbursements shown in the accounts of Union National Bank & Trust Company of Souderton of the funds due Alice Gehman, deceased, and Annie Gehman, in the custody of said bank, a copy and the original of said accounts, respectively, being attached to the within petition, are approved and directed to be paid by reason of being expenses incurred by the refusal of said parties to accept awards to them of their distributive shares in the estates of David S. Gehman, deceased, and Jonas G. Gehman, deceased.

It is further ordered and decreed that petitioners here, and the administrators of the estate of Jonas G. Gehman, deceased, shall

1. As to Alice Gehman, deceased—from the balance of $1,106.27 shown by the aforesaid account, deduct and pay to the clerk of this court one half the costs of this petition and one third the costs of the petition for the discharge of the administrators of the estate of Jonas G. Gehman, deceased, and deduct and pay to George K. Brecht, Esq., a counsel fee of $25; and shall pay the balance then remaining to Solomon G. Gehman, administrator of the estate of Alice Gehman, deceased; and

2. As to Annie Gehman—from the balance of $1,142.85 shown by the aforesaid account, deduct and pay to the clerk of this court one half the costs of this petition and one third the costs of the petition for the discharge of the administrators of the estate of Jonas G. Gehman, deceased, and deduct and pay to George K. Brecht, Esq., counsel fee of $25; and shall pay the balance remaining to the clerk of this court to await disposition according to law.

It is further ordered and decreed that thereupon the surviving executors and the estate of the deceased executor of the estate of David S. Gehman, deceased, shall be discharged as executors, and they and Union National Bank & Trust Company of Souderton shall be relieved of all liability to the estate of Alice Gehman, deceased, and to Annie Gehman.